UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZEPHYR C.,

                 Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

CASE NO. C25-6026-BAT

**ORDER AFFIRMING AND DISMISSING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found depressive disorder, anxiety disorder, autism, attention deficit hyperactivity disorder (ADHD) and posttraumatic stress disorder (PTSD) are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform work at all exertional levels, limited to carrying out simple and complex tasks that can be learned in 30 days or less, occasional changes in a routine work setting and occasional interaction with the public, coworkers and supervisors; and Plaintiff has no past relevant work but is not disabled because there are jobs in the national economy she can perform. Tr. 19-34.

Plaintiff argues the ALJ harmfully erred by failing to include in the RFC determination, step three findings of moderate pace, and persistence limitations, and making a RFC determination that is inconsistent with the record and fails to meet the requirements of SSR 96-

ORDER AFFIRMING AND DISMISSING - 1

8p. For the reason below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

### A.      Step Three Findings

The primary focus of Plaintiff's arguments is the contention the ALJ's step three findings Plaintiff has moderate pace and persistence limitations must also be specifically contained in the RFC determination. *See* Dkt. 11 at 3. There is no rule requiring step three findings be transferred to the RFC determination. This is because step three findings regarding mental conditions are distinct from the functional analysis in determining RFC, and making steps four or five findings in the sequential evaluation. *See e.g. Wilder v.  Comm'r of Soc. Sec. Admin.*, 545 Fed. Appx. 638 (9th Cir. 2013) (ALJ's failure to include step three findings of moderate difficulties in persistence and pace not grounds for relief where ALJ assessment adequately captures claimant's work limitations); *Bordeaux v. Comm'r of Soc. Sec. Admin.*, No. 3:12-cv-01213-JE, 2013 WL 4773577, at *12 (D. Ore. Nov. 18, 2013) (rejecting argument ALJ must incorporate into RFC and  hypotheticals to the vocational expert the functional limitations assessed at step three, as an improper conflation of the step three analysis with the RFC assessment and steps four and five).

The *Wilder* decision instructs the RFC determination is not based upon step three findings. Rather RFC is based upon the ALJ's subsequent evaluation of the record and whether that evaluation supports the RFC determination. As discussed below, Plaintiff has not shown the ALJ erroneously evaluated the record and improperly determined RFC.

### B.      RFC Determination

Plaintiff first argues the RFC determination limiting Plaintiff to performing simple and complex tasks that can be learned in 30 days of less, fails to account for her pace and persistence

ORDER AFFIRMING AND DISMISSING - 2

limitations. In support, Plaintiff argues the ALJ erroneously found Plaintiff's above average full-scale IQ addresses her pace limitations. Dkt.11 at 5. Plaintiff states this finding is medically unsupported, and the ALJ failed to explain why normal IQ addresses her pace limitations. *Id.* This is a conclusory statement and insufficient to show the ALJ committed harmful error which is a burden Plaintiff bears. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) (rejecting conclusory claim ALJ erred because claimant provided no analysis of relevant law or facts).

Second, Plaintiff argues the RFC determination limiting her to work involving occasional change in routine fails to account for her pace limitations because it is inconsistent with the ALJ's step three pace limit findings. Dkt.11 at 6-7. As discussed above, the step three findings are distinct from a RFC determination and do not transfer directly to the RFC determination. Thus, Plaintiff's reliance upon the step three findings, Dkt. 11 at 6-9, is not grounds to find the RFC determination is erroneous.

Third, Plaintiff argues because the ALJ acknowledged Plaintiff is limited to low stress work such as work limited in complexity, interaction and changes, the ALJ was also required to include a pace limitation in the RFC. Dkt. 11 at 10-11. Plaintiff suggests the RFC does not accommodate both Plaintiff's pace and stress limitations because accommodations for stress limits often include pace limits, and the ALJ provided no pace limits. This is a conclusory argument that does not cite to any supportive evidence in the record, and thus fails to show harmful error.

Fourth, Plaintiff argues the ALJ incorrectly found the RFC determination is consistent with her daily activities. Dkt. 11 at 11-12. Plaintiff argues the ALJ cited to numerous activities in which Plaintiff engages without determining how long Plaintiff takes to do the activities and thus

ORDER AFFIRMING AND DISMISSING - 3

the activities do not contradict Plaintiff's claimed pace limitations. But Plaintiff points to nothing in the record showing pace limits affect any of the activities the ALJ discussed, or that she takes extra time to perform her activities and thus Plaintiff fails to meet her burden to show harmful error.

And fifth, Plaintiff argues the ALJ failed to comply with SSR 96-8p which directs the ALJ to provide a sufficient discussion of how the evidence supports the ALJ's findings in assessing a claimant's ability to perform substantial gainful work. In support, Plaintiff reiterates how the ALJ made step three findings regarding pace and persistence limitations which were not specifically set forth in the RFC determination. As discussed above, the step three findings are not a basis to find the RFC determination is deficient.

It is noteworthy Plaintiff does not address and does not contest many of the findings the ALJ made in support of the RFC determination and in finding Plaintiff not disabled. The ALJ discounted Plaintiff's testimony on the grounds she did not stop working due to a medical condition and there is little evidence of any mental impairment before May 2020, though she initially claimed disability as of 2010, which was later amended to 2017. Tr. 23. Plaintiff has not contested these findings.

The ALJ also found Plaintiff's limited mental health treatment from 2018 to 2020, the routine nature of care, observations of normal mood and affect, improvement with medications, findings of no more than moderate anxiety or depression, intact memory and thought processes, and mental status exams showing no concentration or memory difficulty all support the limitations set forth in the RFC determination. Tr. 27. Plaintiff has not contested these findings.

ORDER AFFIRMING AND DISMISSING - 4

Plaintiff also has not contested the ALJ's determination to discount the medical opinion evidence that assessed marked limitations and decision to make a RFC determination that aligned with opinions that Plaintiff has the capacity to perform work.

As the ALJ evaluated Plaintiff's testimony, the medical record and the medical opinions, and Plaintiff has not contested large portions of the ALJ's determinations, the Court declines to disturb the ALJ's nondisability determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 30th day of March 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING AND DISMISSING - 5